IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              CASE NO. :4:07-CR-053-SPM

GENE AMBERT,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

**THIS CAUSE** comes before the Court upon Defendant's "Motion to Dismiss Indictment" (doc. 19) filed on September 9, 2007 and the Government's response (doc. 22), filed on September 21, 2007. The indictment charges Defendant with failure to register and update his registration as required by the Sex Offender Registration and Notification Act ("SORNA"), under Title 18, United States Code, Section 2250(a). Defendant argues eight separate grounds for dismissal. They are as follows:

1. The indictment violates Defendant's due process rights by charging him with a crime for which he had no notice.

2. The travel requirement of SORNA is unconstitutionally vague and unenforceable.

3. SORNA violates Defendant's constitutional right to travel.

4. The statute is unconstitutional because Congress had no constitutional authority under the Commerce Clause to enact the law.

5. SORNA violates the Constitution's ban on ex post facto laws.

6. SORNA violates Defendant's Fifth Amendment procedural and substantive due process rights.

7. Congress did not intend for SORNA to apply retroactively.

8. The decision regarding whether SORNA would apply retroactively was impermissibly delegated to the Attorney General.

For reasons set forth below, Defendant's motion to dismiss is denied.

**BACKGROUND**

On June 20, 1974, in California Ambert was convicted of lewd or lascivious acts involving children, a violation of California Penal Code § 288. On December 1, 2005, Ambert completed and signed a Sex Offender Registration form requiring him to annually update his registration information, whether he was located in California or not. This form put Defendant on notice that his responsibility to register was a lifetime requirement.

The 1974 conviction triggered a requirement for Ambert to register as a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901. SORNA requires that a convicted sex offender "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. §

16913(a).

On July 4, 2007, the Tallahassee Police Department investigated a lewd and lascivious act committed against a child. This investigation led them to Defendant Gene Ambert. The Tallahassee Police Department confirmed that Ambert was the sole resident of a house in Tallahassee, Florida and that he was employed with Tallahassee Communications Industries, Inc. The police also discovered that Ambert was listed as absconded from California's Sex Offender Registration. On July 6, 2007, an arrest warrant for Ambert was issued–charging him with failure to register as a sex offender as required by Florida Statute § 943.0435.

On August 11, 2005 and on December 1, 2005, Ambert signed a California Notice of Registration Requirement acknowledging that he must annually update his registration within five working days of his birthday, starting on the first birthday following his change of address. Ambert also recognized that within ten days of his relocation, he was required to register in the new state.

On June 8, 2006, Ambert sent a letter to the Los Angeles Sheriff's Department to notify them that he no longer resided in California. As of July 9, 2007, there is no record that Ambert has registered with the State of Florida as a sex offender. As a result of his failure to register with the State of Florida, Ambert has been indicted for a violation of 18 U.S.C. § 2250(a). It is this indictment that Ambert is now moving to dismiss.

**ANALYSIS**

**A.   Ground One – The indictment violates Defendant's due process rights by charging him with a crime for which he had no notice.**

SORNA requires an appropriate official to notify the offender of their status as a sex offender and requires the offender to read and sign a form stating that they understand the registration requirements.  See 42 U.S.C. § 16917(a)(2).  In the event that the offender cannot comply with section (a), he is subject to the rules set forth by the Attorney General that dictate the process of notification.  See 42 U.S.C. § 16917(b).  On February 28, 2007, the Attorney General promulgated these rules.

Defendant argues that because his registration offense began in December 2006, prior to the February 28, 2007 announcement, SORNA could not be applied to him.  Defendant continues that at the time of his offence, there were no rules established to implement this required statutory notice.  Therefore, the indictment violated his Due Process right to be notified that he was subject to SORNA's registration requirement.

Many District Courts have considered this question and rejected similar claims.  In United States v. Manning, the Court determined that SORNA applies to an offender to whom SORNA may not have applied prior to February 28, 2007, if that person was previously required to register as a sex offender in another state.  No. 06-20055, 2007 U.S. Dist. LEXIS 12932 (W.D. Ark Feb. 23, 2007). The Court found that SORNA did not impose any new requirements or duties on

the offender than those that existed prior to the Attorney General's promulgation. Id.

In United States v. Hinen, the Court agreed with the Court in Manning, reasoning that the delegation section of the notification portion of SORNA "requires an offender to register, without regard to any construction of the Statute by the Attorney General". 487 F. Supp. 2d 747 (W.D. Va. 2007) Hinen says that Section (b) of 42 U.S.C. § 16917 applies to people who were not already subject to registration requirements. See also United States v. Templeton, 2007 U.S. Dist. LEXIS 8930, at *4 (W.D. Okla. Feb. 7, 2007) (holding that subsection (b) of 42 U.S.C. § 16917 "only applies to individuals who were unable to initially register as a sex offender"); United States v. Madera, 474 F. Supp.2d 1257 (M.D. Fla. 2007)(holding the same). In the present case, Defendant initially registered in California and faced no obstacle to registering in Florida upon becoming a resident. Therefore, this Court finds that the indictment should not be dismissed on this basis.[1]

### B. Ground Two – The indictment fails to properly and specifically allege when Defendant traveled in interstate commerce.

The elements of the failure to register under SORNA are that the Defendant 1) was required to register under SORNA; 2) traveled in interstate

---

[1] Because the Defendant did travel after the February 28, 2007 proclamation of the retroactive effect of SORNA, and this traveling in and of itself could constitute a violation of SORNA, we decline to reach the issue of whether the travel that took place in between December 2006 and February 28, 2007 could also constitute a violation of SORNA.

commerce; and 3) knowingly failed to register or update a registration. 18 U.S.C. § 2250. Defendant argues that the indictment states that defendant "traveled in interstate commerce" and that this claim is insufficient to allege a violation of law. Additionally, he argues that the statutory "travel" requirement is too vague to satisfy Due Process Clause requirements. Furthermore, Defendant argues that for the indictment to be valid, it must allege that he traveled after February 28, 2007 because it was on this date that Defendant was put on notice that SORNA applied to him.

    Eleventh Circuit instructs us that the standard for determining the sufficiency of the indictment is that "an indictment must be sufficiently specific to inform the defendant of the charge against him" and that this mission is accomplished when "the language therein sets forth the essential elements of the crime." United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985). In this case, the indictment clearly informs Defendant of the charge against him, it sites to the governing statute, and it states the elements of the crime. Specifically, the indictment states that Defendant "was required to register, and keep said registration current, with the state of Florida, under SORNA"; the Defendant "traveled in interstate commerce"; and he did "knowingly and unlawfully fail to register and update a registration".

    The indictment also states that the Defendant committed this offense "in or about December 2006, through and including on or about July 11, 2007". Therefore, the indictment properly states the elements of the offense and a time

period in which the offense occurred. "When the government charges that an offense occurred "on or about" a certain date, the defendant is on notice that the charge is not limited to the specific date or dates set out in the indictment. Proof of a date reasonably near the specified date is sufficient." United States v. Reed, 887 F.2d 1398, 1403 (11th Cir. 1989)(citations omitted). Therefore, the general reference to dates "in or about" is hardly fatal to the sufficiency of the indictment.

In response to Defendant's claim of lack of specificity of the travel reference in the indictment, we rely on the reasoning of our sister court in United States v. Gonzales, 2007 U.S. Dist. LEXIS 58035 (D. Fla. August 9, 2007). The court found that if a person is a sex offender and is required to register as such, then SORNA became applicable to him or her on July 27, 2006, when it was enacted by Congress and signed into law by the President, not on February 28, 2007, when it was declared officially retroactive by the Attorney General. In the instant case, on December 1, 2005 in California, Defendant registered as a sex offender and was simultaneously notified of his lifetime requirement to register as a sex offender in every state that he may relocate to. Defendant was well aware of his requirement to register, and the enactment of SORNA on July 27, 2006 clearly provided him notice that this state requirement to register was now considered a federal requirement as well. As clearly stated in Hinen,

> Indeed, it was Congress's desire to create a comprehensive and uniform registration system among the states to ensure

>offenders could not evade requirements by simply moving from one state to another. It would be illogical for members of Congress to express concern that thousands of sex offenders who were required to register under state law were evading those registration requirements and then exempt those same offenders from SORNA.

487 F.Supp.2d 747, 753 (W.D. Va. 2007).

As a result, even if the Court accepted the Defendant's argument that SORNA was only applicable to him after February 28, 2007, the Defendant still would have been in violation of SORNA if he traveled or relocated to Florida and failed to register on *any* dates between February 28, 2007 and July 11, 2007. This claim is exactly what the indictment alleges. Therefore, the court finds that the indictment should not be dismissed on this basis.

### C. Ground Three – SORNA violates Defendant's constitutional right to travel.

Defendant argues that the registration requirement of SORNA is a violation of his constitutional right to travel. Defendant claims that the statute and the indictment prohibit him from the constitutionally protected activity of traveling outside of California for lawful purposes.

In examining this claim, the Court relies on the reasoning of the Eleventh Circuit in Doe v. Moore, which holds that the registration requirement is not an unreasonable burden on a person's right to travel. 410 F.3d 1337, 1349 (11th Cir. 2006). The court stated that the interest a state has in protecting the children

of that state and in "preventing future sexual offenses" is significant enough to outweigh the inconvenience or burden of a person being required to sign an offender registration form after relocating to a new state.  Id.

### D. Ground Four – SORNA is unconstitutional because Congress had no authority under the Commerce Clause to enact this law .

Defendant argues that SORNA does not require a jurisdictional nexus between the Defendant's travel and any effect on interstate commerce.  To support this point, Defendant cites cases in which a statute has been found invalid because it does not regulate commercial activity or demonstrate a connection between the offense and interstate commerce.

Many other courts have found that SORNA is a valid exercise of Congress' power under the Commerce Clause, and this Court declines to rehash the same lucid and well-balanced rationales.  Thus, after an independent review of the facts in this case and the arguments of the parties, the Court accepts the legal conclusions stated by other District Courts.   See Hinen, 487 F. Supp.2d 747, 757-58 (W.D. Va. 2007); United States v. Madera, 474 F. Supp.2d 1257, 1265 (M.D. Fla. 2007);  Gonzales, No. 5:07cr27-RJ, 2007 U.S. Dist. LEXIS 58035 (N.D. Fla. Aug. 9, 2007); United States v. Mason, Case No. 6:07-cr-52-Orl-19JGG, 2007 U.S. Dist. LEXIS 37122 (M.D. Fla. May 22, 2007); United States v. Muzio, No. 4:07CR179 CDP, 2007 U.S. Dist. LEXIS 54330, at *20 (E.D. Mo. July 26, 2007); United States v. Templeton, No. 06-291, 2007 U.S. Dist. LEXIS 8930, at *9-10 (W.D.Okla. Feb. 7, 2007.)  No courts have found SORNA unconstitutional because

of a lack of Commerce Clause authority.  Therefore, the Court finds that the indictment should not be dismissed on this basis.

### E. Ground Five – The application of the statute to Defendant is unconstitutional because it violates the *Ex Post Facto* Clause of the Constitution.

Defendant argues that because his sexual offense was committed prior to the enactment of SORNA, its application is retroactive and is a violation of the Ex Post Facto Clause of the Constitution.  Specifically, Defendant argues that the current indictment is punishing him for conduct that took place in 1974. The Ex Post Facto Clause makes unconstitutional any laws "which make innocent acts criminal, alter the nature of the offense, or increase the punishment".  Collins v. Youngblood, 497 U.S. 37, 46, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Defendant states that the intention of SORNA and the resulting statute were punitive in that it adds a punishment to an offense where there was not previously a punishment for that offense.  Specifically, SORNA adds a new, harsh penalty that could not have been applied when the offense was first committed, in 1974.  Defendant distinguishes this case from the Supreme Court case Smith v. Doe, because the statute in that cases was intended to be civil and non-punitive. 538 U.S. 84 (2003)(holding that Alaska's sex offender registration requirement does not violate the Ex Post Facto Clause).

District Courts are split on this issue.  Some courts have determined that the construction of the statute was retroactive punishment and clearly in violation of the Ex Post Facto Clause. See United States v. Sallee, 2007 U.S. Dist. LEXIS

68350 (W.D. Okla. Aug. 13, 2007); United States v. Stinson, 2007 U.S. Dist. LEXIS 66429 (D.W. Va. Sept. 7, 2007); United States v. Bobby Smith, 481 F. Supp. 2d 846 (E.D. Mich 2007); United States v. Muzio, 2007 U.S. Dist. LEXIS 54330 (D. Mo. 2007).

Alternatively, many other courts have held that there is no ex post facto violation in the application of SORNA to sex offenders who committed qualifying offenses prior to July 26, 2006.  Gonzales, 2007 U.S. Dist. LEXIS 58035; Hinen, 487 F. Supp.2d 747; Madera, 474 F. Supp.2d 1257; United States v. Hulen, No. 07-30004, 2007 U.S. Dist. LEXIS 60113 (W.D. Ark. Aug. 15, 2007); Mason, 2007 U.S. Dist. LEXIS 37122; Templeton, 2007 U.S. Dist. LEXIS 8930.

Moreover, in Mason, the distinction between an offender traveling before SORNA took effect and an offender traveling *after* SORNA took place is essential. 2007 U.S. Dist. LEXIS 37122, *5 at n.4 (M.D. Fla. 2002) "This crucial temporal distinction renders the specific holding of Smith inapplicable to the instant case because that case held that SORNA 'does violate the ex post facto clause, insofar as the Government seeks to apply it to a defendant who traveled in interstate commerce prior to July 27, 2006. . . .' "Id. (citing Smith, 481 F.Supp. at 853). This Court agrees.

In the instant case, the indictment punishes the Defendant for failing to register after February 28, 2007, when he was officially on notice that SORNA applied to him.  The indictment does not punish him for the qualifying sexual offense that he committed in 1974.  Part of the date that Defendant is accused of

violation SORNA is "on or about July 11, 2007". This date is *after* the February 28, 2007 date that the Attorney General ruled that SORNA would apply retroactively. Therefore, neither The Act nor the statute are in violation of the Ex Post Facto Clause and the indictment will not be dismissed on these grounds.

**F.    Ground Six – SORNA violates Defendant's fifth amendment substantive and procedural due process rights.**

The Defendant argues that The Act does not require an "individualized determination of risk of recidivism or dangerousness" prior to publication of an offender's name on the registry. Additionally, Defendant argues that the Due Process Clause of the Constitution requires that Defendant have an opportunity to challenge the finality of his conviction before his previous conviction results in registration requirements. The Defendant asserts that because SORNA does not offer this type of hearing before a person is required to register, the Act violates his procedural due process right. Furthermore, Defendant claims that the publication of the sex offender registration lists and the registration requirement results in a loss of liberty interest and a resulting violation of his substantive due process rights.

The Defendant has properly cited to Supreme Court and Eleventh Circuit cases that foreclose that claim. Conn. Dept. of Public Safety v. Doe, 538 U.S. 1 (2003); Doe v. Moore, 410 F.3d 1337, 1344-45 (11th Cir. 2005). Additionally, many District Courts have ruled similarly on this issue and after reviewing the Defendant and the Government's arguments, I agree with and adopt the

reasoning of the District Courts.  <u>Hinen</u>, 487 F. Supp.2d 747; <u>Madera</u>, 474 F. Supp.2d 1257; <u>United States v. Roberts</u>, No. 6:07-CR-70031, 2007 U.S. Dist. LEXIS 54646 (W.D. Va. July 27, 2007); <u>Mason</u>, 2007 U.S. Dist. LEXIS 37122; <u>Templeton</u>, 2007 U.S. Dist. LEXIS 8930.  Therefore, this Court finds that SORNA does not violate the Due Process Clause of the Constitution and the indictment will not be dismissed on these grounds.

### G.   Ground Seven – Congress did not clearly intend to apply SORNA and 18 U.S.C. § 2250 retroactively.

Defendant alleges that in enacting SORNA, Congress refused to determine whether The Act would apply retroactively.  However, in this case, Congress *did* intend for SORNA, as enacted on July 27, 2006, to be retroactive.  Congress only delegated to the Attorney General the authority to promulgate a rule that applies to people who are unable as of July 27, 2006 to register in their state.  Many other District Courts have drawn similar conclusions.  <u>Hinen</u>, 487 F. Supp.2d 747; <u>United States v. Roberts</u>, 2007 U.S. Dist. LEXIS 54646 (W.D. Va. July 27, 2007); <u>Mason</u>, 2007 U.S. Dist. LEXIS 37122; <u>Templeton</u>, 2007 U.S. Dist. LEXIS 8930.

Furthermore, in this case, Defendant Ambert was on notice of the requirement to register as a sex offender in the state of California.  In doing so, he was on notice that he was subject to a lifetime registration requirement.  Defendant was also on notice of his requirement to register whenever he moved to another state.  Therefore, the enactment of SORNA imposed no new legal

requirements on him and his indictment will not be dismissed on this ground.

### H.  Ground Eight – The decision regarding retroactive application of SORNA was improperly and unconstitutionally delegated to the Attorney General.

Defendant argues that Congress had no authority to delegate the determination of retroactivity to the Attorney General because they are prohibited from delegating a "core constitutional function" to another branch of government–in this case, the Executive Branch.  Defendant further argues that the retroactivity determination is an intrinsic part of legislative activity that Congress cannot delegate to another branch.

The non-delegation argument has been rejected by numerous Courts, and the Defendant has made no compelling arguments why this case should be viewed any differently.  See Hinen, 487 F. Supp.2d 747 (W.D. Va. 2007); Madera, 474 F. Supp.2d 1257 (M.D. Fla. 2007); Gonzales, NO. 5:07cr27-RJ, 2007 U.S. Dist. LEXIS 58035 (N.D. Fla. Aug. 9, 2007); Mason, Case No. 6:07-cr-52-Orl-19JGG, 2007 U.S. Dist. LEXIS 37122, (M.D. Fla. May 22, 2007).  As in Mason, Defendant Ambert's only support for the premise that SORNA violates the Non-Delegation Clause are A.L.A. Schechter Poultry Corp. v. United States, 295 U.S. 495 (1935)  and Panama Refining Co. v. Ryan, 293 U.S. 388 (1935).  And also as in Mason, we too "decline to disagree with over seventy years of case law upholding congressional delegations of legislative authority based on such limited support, especially when the law in question serves such a detailed and clearly delineated legislative purpose". Mason, 2007 U.S. Dist.

LEXIS 37122 *9 (D. Fla. 2007).  In examining all the legal challenges to the constitutionality of SORNA, we have found no Court that has ruled SORNA unconstitutional because of a violation of the Non-Delegation Clause of the Constitution.  Therefore, the indictment should not be dismissed on this basis.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss filed by the Defendant is *denied*.  This matter remains set for trial on **October 15, 2007** in Tallahassee, Florida.

**DONE AND ORDERED** in chambers this <u>tenth</u> day of October, 2007.


<u>  *s/ Stephan P. Mickle*  </u>
Stephan P. Mickle
United States District Judge