IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 4:07cr53/MW/CAS
 4:12cv535/MW/CAS
GENE FELIX AMBERT,

        Defendant
_____

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 71).  The government has responded by moving to dismiss Defendant's motion as untimely (doc. 74), and Defendant has responded in opposition to that motion.  (Doc. 75).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND and ANALYSIS

Defendant was charged in a single count superseding indictment with failing to register and update his registration as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA") from December of 2006 through July 11, 2007. (Doc. 13). Defendant moved to dismiss the indictment on various constitutional grounds, all of which were rejected by the district court. (Docs. 19, 26). On October 12, 2007, Defendant entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to dismiss the indictment. (Docs. 31–34). On April 21, 2008, the district court sentenced him to a term of 37 months imprisonment followed by 25 years of supervised release.[1]

Defendant appealed, and on March 6, 2009, the Eleventh Circuit affirmed his conviction, finding that Defendant was bound by SORNA, and that the Act was constitutional both facially and as applied. (Doc. 70). Nothing further was filed until Defendant filed the instant motion to vacate pursuant to the prison mailbox rule on October 2, 2012. Defendant contends that due to the timing of his interstate travel, both well before the enactment of SORNA and on the date of his arrest, he was not yet in violation of SORNA's registration requirements at the time of his arrest on the instant

---

[1] BOP records indicate that Defendant was released from custody on March 15, 2010, although he still would be within the twenty-five years of supervised release.  Defendant is currently serving a life sentence in the Florida Department of Corrections  after his December 11, 2009, conviction of lewd and lascivious molestation of a victim under the age of twelve.  The offense conduct apparently  took place on or about June 29, 2007, before his indictment on the instant offense.  See
http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=468827872

Case Nos.: 4:07cr53/MW/CAS; 4:12cv535/MW/CAS

offense. (Doc. 71 at 5).[2] The Government has moved to dismiss Defendant's motion as untimely. (Doc. 74).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Eleventh Circuit entered its opinion affirming Defendant's convictions and sentences on March 6, 2009. (Doc. 70). Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (i.e., ninety days after the entry of the court of appeals' judgment).[3] Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States, 444 F. App'x 419 (11th Cir. 2011). Because Defendant's judgment of conviction became final on June 4, 2009, to have been timely

---

[2] Implicit in this argument is the position that Defendant would not have been required to register at all under SORNA if he had not traveled.

[3] The issuance of the mandate on March 12, 2009, (see doc. 70), has no bearing on when the time expires for filing a petition for certiorari. Clay v. United States, 537 U.S. 522, 525 (2008).

Case Nos.: 4:07cr53/MW/CAS; 4:12cv535/MW/CAS

filed, his § 2255 motion had to be filed no later than June 4, 2010. As noted above, his motion was not filed until October 2, 2012. Therefore, it is facially untimely.

Defendant contends that his petition is timely filed because it was filed within one year of the Supreme Court's decision in Reynolds v. United States, 132 S.Ct. 975 (2012). Implicit in his argument is the assumption that the Reynolds decision announced a newly recognized right, and that this right has been made retroactively applicable on collateral review. The Government argues that Defendant is impermissibly trying to relitigate the question of whether he is bound by the criminal provisions of SORNA.

SORNA provides criminal penalties if an individual who is required to register as a sex offender travels in interstate commerce and knowing fails to register or update a registration as required under SORNA. 18 U.S.C. § 2250. The Act defines sex offenders as including individuals who were convicted before the Act's July 27, 2006, effective date and provides that "the Attorney General shall have the authority to specify the applicability of the [registration] requirements" to pre-Act offenders." 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General promulgated an Interim Rule specifying that the Act applies to all pre-Act offenders. Defendant moved to Florida from California in early 2006, prior to the enactment of SORNA, and was returning for the first time from interstate travel at the time of his arrest.

In Reynolds, the Supreme Court held that convicted sex offenders had no obligation to register under SORNA until a "valid" Attorney General Specification. The Court did not decide whether the February 28, 2007, Interim Rule qualified as such,

instead remanding for additional proceedings, including a determination as to whether the rule was valid. Reynolds, 132 S.Ct. at 984. On remand, the Third Circuit found that the Attorney General did not have good cause to waive the APA's notice and comment requirements in promulgating the rule governing the retroactivity of SORNA's registration requirements to pre-Act offenders. It vacated defendant Reynolds's conviction, finding that the APA violations were prejudicial to him. United States v. Reynolds, 710 F.3d 498 (3d Cir. 2013). However, other courts, including the Eleventh Circuit, have reached the opposite conclusion about the validity of the Interim Rule. *See* United States v. Torres, 767 F.3d 426 (5th Cir. 2014) (finding that the promulgation of the interim rule was a valid promulgation as applied to that defendant); United States v. Dean, 604 F.3d 1275, 1282 (11th Cir. 2010) (finding the interim rule to be valid because the Attorney General had good cause to bypass the APA's notice and comment requirement); United States v. Kopp, Case no. 1:12-CR-0269-RWS, 2014 WL 2154199 (N.D. Ga. May 21, 2014) (citing Dean).[4] Because the Supreme Court did not

---

[4] The court notes that since Reynolds, several courts in other circuits have held that SORNA's registration requirements became effective with respect to sex offenders convicted before SORNA's enactment on August 1, 2008, when the Attorney General published final rules and regulations concerning SORNA. Vaughan v. Missouri Dept. of Corr., 385 S.W.3d 465, 468 (Mo. Ct. App. 2012) (citing United States v. Stevenson, 676 F.3d 557, 566 (6th Cir.2012) (finding that SORNA became retroactive to pre-enactment offenders on August 1, 2008, thirty days after the Attorney General issued the final Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking Guidelines ("SMART guidelines"); United States v. Mee, No. 5:11-CR-101, 2012 WL 1638436 at *6 (D.Vt. May 9, 2012) (denying defendant's motion to dismiss his indictment because he was indicted well after the Attorney General's SMART guidelines became effective on August 1, 2008); United States v. Sudbury, No. 11-cr-5536 RBL, 2012 WL 925960 at *3 (W.D.Wash. Mar.19, 2012) (noting that "it was the Attorney General's promulgation of a final rule in August 2008, rather than the interim rule of February 2007, that made SORNA applicable to pre-Act offenders"); United States v. Brown, No. 11-174, 2012 WL 604185 at *1 n. 3 (W.D.Pa. Feb. 24, 2012) (noting that the Attorney General's final regulations and implementations of SORNA became effective in 2008). Those cases are neither binding nor persuasive authority in this circuit, however.

decide the question of the validity of the Interim Rule, but rather remanded it for further consideration, there is no substantive interpretation of federal law to retroactively apply to Defendant's case, and Reynolds does not allow Defendant to circumvent the one year statute of limitations in his quest for collateral relief.  See Bousley v. United States, 523 U.S. 614, 620–21 (1998) (noting that a decision of the Court holding that a substantive federal criminal statute does not reach certain conduct may support a claim for collateral review).

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred.  Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).   Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances."  Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has

sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)). There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling. Defendant's reliance on Reynolds is unavailing, and the question of whether SORNA applied to pre-enactment travel was decided in 2010. See Carr v. United States, 560 U.S. 438 (2010). Therefore, his motion should be denied as untimely.[5]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

---

[5] The court also notes that in finding that Defendant had an obligation to register as of February 28, 2007, the date of the Attorney General's Interim Rule, the Eleventh Circuit did not engage in any analysis of the Rule. (Doc. 70-2 at 9). Therefore, even if Defendant wanted to challenge the voluntariness of his guilty plea on the basis that the Interim Rule was not valid, or on the basis that he had not violated SORNA at the time of his arrest, his failure to have raised these issues on appeal bars him from pursuing a collateral attack. See Bousley, 523 U.S. at 621 (citations omitted).

Case Nos.: 4:07cr53/MW/CAS; 4:12cv535/MW/CAS

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 71) be **DENIED and DISMISSED** as untimely.

2. The Government's Motion to Dismiss (doc. 74) be **GRANTED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 28th day of April, 2015

/s/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).